**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Charles Sewell | : | |
| Debtor(s) | : | Bankruptcy No. 17-15361-MDC |

**ORDER**

**AND NOW,** this  23rd  day of  November , 2021, upon consideration of the Motion to Sell Real Property filed by debtor, upon notice to all interested parties, and any response thereto, it is hereby

**ORDERED,** that debtor is authorized to sell his/her real property located at 4104 Sofia Lane, Boothwyn, Pennsylvania 19061 ("Property"), with all liens to be paid at closing, for the sale price of $ 255,000.00, pursuant to the terms of a certain real estate agreement of sale dated as of September 24, 2021, to the buyer(s) thereunder, Theresa Costa ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters — $8,159.26

2. Liens paid at closing - $233,075.52

3. Real estate taxes, sewer, trash and/or other such items — $2,603.78

4. Property repairs, if any — $_____

5. Real estate commission, at no greater than 6% — $13,824.02

6. Attorneys' fees, if any — $_____

7. Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at settlement $_____

8. Other $_____

TOTAL $257,662.58

After paying all liens in full and all costs of sale, the title clerk shall pay to Kenneth E. West, Chapter 13 trustee, the balance of the sales proceeds, if any, which are anticipated to be approximately $ 0.00 , to be held by the standing trustee as a special receipt, to be available under debtor's plan for distribution to unsecured creditors. Debtor shall immediately amend his plan, consistent with this Order and the sale of the Property.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed. Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

BY THE COURT

*Magdeline D. Coleman*

MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE